# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1529V
Filed: October 24, 2017
UNPUBLISHED

| | |
|---|---|
| JOY GILLEY,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA*, for petitioner.
*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 16, 2016, Joy Gilley ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered right shoulder injuries as a result of a tetanus, diphtheria acellular pertussis ("Tdap") vaccine she received on October 27, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 24, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On October 24, 2017, respondent filed a combined Rule 4(c) report and proffer on award of compensation ("Rule 4/Proffer") indicating petitioner should be awarded $93,787.75. Rule 4/Proffer at 3. In the Rule 4/Proffer, respondent represented that petitioner agrees with the proffered award. Based on the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Rule 4/Proffer, the undersigned awards petitioner the following:

A.  **A lump sum payment of <u>$92,500.00,</u> in the form of a check payable to petitioner, <u>Joy Gilley</u>.**

B.  **A lump sum payment of <u>$1,287.75</u>, representing compensation for satisfaction of the Texas Medicaid lien, payable jointly to petitioner and**

> **Optum**
> **Attn: Terri Waligursky, Recovery Resolution Analyst**
> **P.O. Box 13216**
> **Green Bay, W.I. 54307-3216**
> **Optum File Number: SN15624853**
> **Medicaid ID: 521056512**

Petitioner agrees to endorse this payment to Optum. These amounts represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> <u>s/Nora Beth Dorsey</u>
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.